IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TUMAC LUMBER COMPANY, INC.,

        Plaintiff,

                              Civ. Action No.
                              3:11-CV-0698 (DEP)

   v.

CHENANGO VALLEY PET FOODS, INC.,

        Defendant.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

NIXON, PEABODY LAW FIRM        CHRISTOPHER THOMAS, ESQ.
P.O. Box 31051                           COLLEEN D. HOLLAND, ESQ.
Clinton Square, Suite 1300
Rochester, NY 14603-1051

FOR DEFENDANT:

HINMAN, HOWARD LAW FIRM        DAWN J. LANOUETTE, ESQ.
P.O. Box 5250                             ADAM P. HATCH, ESQ.
80 Exchange Street
700 Security Mutual Building
Binghamton, NY 13902-5250

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Plaintiff Tumac Lumber Company, Inc. ("Tumac") has commenced this action, alleging diversity of citizenship as a basis for the court's jurisdiction, pursuant to 28 U.S.C. § 1332, and seeking recovery of monies allegedly owed by defendant Chenango Valley Pet Foods, Inc., ("Chenango") for goods supplied.[1]

As a result of a conference conducted by the court, the parties entered into a written agreement in settlement of the action providing for a series of five payments to be made by Chenango to Tumac. Tumac now seeks enforcement of the parties' settlement agreement based upon the defendant's failure to make the second of the required installment payments.

I.   BACKGROUND

Tumac commenced this action on June 22, 2011. Complaint (Dkt. No. 1). In its complaint, plaintiff recounts a series of shipments of product ordered by Chenango, on credit pursuant to a credit application approved on February 17, 2010 and shipped by Tumac, including such items as rice, peas, flaxseed, herring oil, and egg powder, over a period from April

---

[1] This action is before me based upon consent of the parties, pursuant to 28 U.S.C. § 636(c).  *See* Dkt. Nos. 14, 17.

2

2011 through June 2011.  *Id.* at ¶¶ 6-30.  Tumac contends it was owed $102,135.13 by Chenango as of June 17, 2011 for those goods.  *Id.* at ¶ 32.  Plaintiff's complaint asserts claims for breach of contract and account stated, and seeks payment of $119,323.13, together with interest, costs and attorney's fees.  *Id.* at ¶¶ 37-71.

On January 23, 2012, the court conducted a settlement conference in connection with the matter.  During that conference the parties reached a verbal accord under which defendant promised to pay, and Tumac agreed to accept, a total of $90,000, payable in four installments of $20,000 each, due on February 28, 2012, March 28, 2012, April 28, 2012, and May 28, 2012, and a final payment of $10,000 which was to be made on or before June 28, 2012.  Holland Decl. (Dkt. No. 21) ¶ 2.

The parties' settlement was subsequently memorialized in a written agreement, dated February 6, 2012.  *See* Holland Decl. (Dkt. No. 21) ¶ 2 and Exh. A.  The agreement provided that in the event of a default, and following notice and failure to cure, judgment could be immediately entered in favor of Tumac against Chenango in the amount of $145,000, less any payments previously made pursuant to the agreement.  Holland Decl. (Dkt. No. 21) Exh. A, ¶ 2.  The agreement further provided that this

court would retain jurisdiction to enforce the parties' settlement.  *Id.* at ¶ 6.  Based upon the settlement the court issued an order on February 15, 2012, dismissing the action but specifically retaining jurisdiction to enforce the parties' agreement.  *See* Dkt. No. 18.

The first installment under the parties' agreement, which became due on February 28, 2012, in the amount of $20,000, was paid, although not until March 2, 2012.  Holland Decl. (Dkt. No. 21) ¶¶ 4-5.  Chenango has not made the payment due on March 28, 2012, however, despite notice and the passage of five days following service of notice of the default.  *Id.* at ¶¶ 6, 7.  Based upon that default, Tumac now requests enforcement of the parties' agreement and the entry of judgment against Chenango in the amount of $125,000.00.  Dkt. No. 21.  In response Chenango has notified the court, by letter from its counsel, Dawn J. Lanouette, Esq., that Chenango does not oppose Tumac's motion.  Dkt. No. 22.

II.     DISCUSSION

The record now before the court discloses that the parties to this action have entered into a written agreement setting forth the terms of a settlement.  Such a fully integrated written settlement agreement

constitutes a contract which is fully binding and enforceable by the court. *See Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 151-52 (2d Cir. 2009); *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318-19 (2d Cir. 2005) ("[A] voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed . . ..") (citing cases). From the record before the court, there can be no doubt that the parties entered into a valid and fully enforceable agreement providing for a series of installment payments toward the settlement amount, and vesting the court with authority to enforce the agreement in the event of a default.

The record before the court also supports plaintiff's assertion that there has been a default under the agreement, in that Chenango has failed to make the payment due on March 28, 2012 in the amount of $20,000. In such an event the parties' agreement expressly provides for the entry of judgment in the specified default amount of $145,000, less the $20,000 payment made on March 2, 2012.[2] Tumac is therefore entitled to

---

[2] The parties' settlement agreement also provides that in the event of a violation of the settlement agreement the breaching party can be required to pay the attorney's fees and costs incurred in having to move to enforce a settlement agreement. *See* Holland Decl. (Dkt. No. 21) Exh. A, ¶ 6. In its motion, however,

5

the judgment which it now seeks, and which the defendant does not actively oppose.

III.  SUMMARY AND ORDER

The parties to this action have entered into an agreement providing for payment of a settlement amount, in installments, and permitting the court to retain jurisdiction over the matter in order to enforce the settlement agreement if necessary and, in the event of a default, to enter judgment in a specified sum certain.  The court finding that the parties' agreement is binding and enforceable, and that defendant is in default under that agreement, is therefore hereby

ORDERED as follows:

1)   Plaintiff's motion for enforcement of the parties' settlement agreement (Dkt. No. 21) is GRANTED.

2)   The clerk is directed to forthwith enter judgment in this matter in favor of plaintiff Tumac Lumber Company, Inc. and against Chenango Valley Pet Foods, Inc., in the amount of $125,000.

---

Tumac does not request an award of costs and attorney's fees.

Dated:     May 15, 2012
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge